UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TERRENCE ARTHUR GREEN,

    Petitioner,

v.

THOMAS WOLFE, *Warden*, and
ATTORNEY GENERAL OF MARYLAND,

    Respondents.

Civil Action No. TDC-21-2741

## MEMORANDUM OPINION

Self-represented Petitioner Terrence Arthur Green, a state inmate currently incarcerated at the Jessup Correctional Institution in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 2004 Maryland state convictions for attempted first-degree murder, first-degree assault, and use of a handgun in the commission of a felony. Respondents have filed a Limited Answer in which they argue that the Petition should be dismissed as time-barred. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Green was notified of his right to submit a filing in which he could argue that the Petition should not be dismissed as time-barred. Green filed a Reply in which he argued that the Petition should not be dismissed based on equitable tolling and because he is actually innocent. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On September 13, 2004, after a jury trial in the Circuit Court for Montgomery County, Maryland ("the Circuit Court"), Green was found guilty of one count each of attempted first-degree murder, first-degree assault, and use of a handgun in the commission of a felony. On January 6, 2005, the Circuit Court sentenced Green to life imprisonment, as well as a 20-year consecutive sentence on the charge of use of a handgun in the commission of a felony. On January 12, 2005, Green filed a direct appeal to the Court of Special Appeals of Maryland, now known as the Appellate Court of Maryland ("the Maryland Appellate Court"). On October 23, 2007, the Maryland Appellate Court affirmed Green's convictions and sentences. On June 16, 2008, the Court of Appeals of Maryland, now the Supreme Court of Maryland ("the Maryland Supreme Court"), denied Green's petition for a writ of certiorari, and the mandate issued on July 24, 2008. Green did not file a petition for a writ of certiorari to the United States Supreme Court.

Meanwhile, on January 12, 2005, Green filed with the Circuit Court a Motion for Modification of the Sentence pursuant to Maryland Rule 4-345(e), which the court ordered held in abeyance pending a request for a hearing. On February 4, 2005, Green separately filed with the Circuit Court an Application for Review of the Sentence pursuant to section 8–102 of the Criminal Procedure Article of the Maryland Code, Md. Code Ann., Crim. Proc. § 8–102 (West 2018). That application was resolved when a three-judge panel affirmed the sentence on January 26, 2009.

On July 22, 2009, Green filed a state petition for post-conviction relief ("the state petition") with the Circuit Court. On September 21, 2011, the Circuit Court, in its capacity as a post-conviction court ("the post-conviction court"), held a hearing on the state petition and denied it the same day. On November 30, 2011, Green filed a Motion for Reconsideration, which was denied on January 9, 2012. On December 12, 2011, Green filed an application for leave to appeal, which

2

the Maryland Appellate Court denied on November 14, 2012. The mandate issued on December 17, 2012.

On January 20, 2013, Green filed in this Court a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he asserted the following grounds for relief: (1) that his incarceration is constitutionally unjust; (2) that there was insufficient evidence to sustain his conviction; and (3) that there was no probable cause to support his arrest. Respondents in that case filed a Limited Answer in which they asserted that Green had not exhausted state remedies as to the second and third claims. The Court (Titus, J.) issued an Order directing Green to file a Reply in which he would advise the Court whether he wished to proceed with the first claim and waive the second and third claims, or whether he wished to have the petition dismissed without prejudice so that he could seek to re-open the state post-conviction proceedings. The Order advised Green that if he requested dismissal, a later re-filed federal habeas petition may be untimely. Green filed a Reply in which he stated, "[i]f a decision as to Petitioner's 2nd and 3rd claim[s] must be made, this Petitioner would elect to proceed under the miscarriage of justice." Reply at 13, No. DKC-13-0413, ECF No. 37. On May 28, 2015, the Court (Titus, J.) found that all three of Green's claims were unexhausted and dismissed Green's entire petition without prejudice. On March 4, 2019, Green filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. On May 20, 2019, the Fourth Circuit dismissed Green's appeal for failure to prosecute.

Meanwhile, on September 19, 2018, Green filed in the Circuit Court a Motion to Reopen the State Post-Conviction Proceeding. On January 7, 2019, the post-conviction court denied Green's motion.

Green filed the instant Petition on October 21, 2021. Green asserts the same three claims advanced in his prior federal habeas petition.

## DISCUSSION

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d), and Green is not entitled to equitable tolling or any other exception to the limitations period.

### I. Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1). This one-year period, however, is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

## II.   Timeliness

Upon review, the Court finds that Green's Petition is time-barred. Green's conviction became final on October 22, 2008, 90 days after his petition for a writ of certiorari to the Maryland Supreme Court was denied, which was the last date on which Green could have sought a petition for a writ of certiorari to the United States Supreme Court. *See* Sup. Ct. R. 13.1; *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (stating that "if the federal prisoner chooses not to seek direct review in [the Supreme Court], then the conviction becomes final when "the time for filing a certiorari petition expires"). However, Green's January 12, 2005 Motion for Modification of the Sentence, which was held in abeyance, tolled the limitations period for five years, until January 6, 2010, because the Circuit Court's authority to modify a sentence is limited to five years after the sentence was imposed. Md. Rule 4-345(e); *State v. Schlick*, 214 A.3d 1139, 1144 (Md. 2019) (stating that the five-year limit became effective as of 2004); *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (holding that a motion for modification of the sentence under Maryland Rule 4-345(a) tolls the limitations period on a federal habeas petition pursuant to 28 U.S.C. 2244(d)(2), and recognizing the five-year limit on such a motion as cabining the limitations period).

To the extent that Green's Application for Review of the Sentence may also have tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2), the time period of any such tolling, from February 4, 2005 to January 26, 2009, fell within the time period tolled by the Motion for Modification of the Sentence pursuant to Rule 4-354(e). The limitations period was also tolled during the pendency of Green's state petition for post-conviction relief, specifically from its filing on July 22, 2009 until the issuance of the mandate on the denial of leave to appeal on December 17, 2012. *See* 28 U.S.C. § 2244(d)(2). The limitations period was also tolled during the pendency

5

of the motion to re-open the state post-conviction proceedings between September 19, 2018 and January 7, 2019.

Nevertheless, the limitations period ran from December 17, 2012 to September 19, 2018, as the filing of Green's first federal habeas petition, on January 20, 2013, did not toll the limitation period because "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Moreover, the limitations period also ran from the denial of the motion to re-open state post-conviction proceedings on January 7, 2019 until the instant Petition was filed on October 21, 2021. With no state post-conviction or collateral review pending for almost five years, Green's present Petition is time-barred.

### III. Equitable Tolling and Exceptions

Under certain circumstances, the limitations period for a federal habeas petition may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an self-represented prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, Green presents, and the Court finds, no basis for equitable tolling of the limitations period. Green argues that he is entitled to equitable tolling because the limitations period is unfair and meant to restrict only frivolous claims. Green also argues that he did not receive a requested copy of his trial transcripts and that this amounts to a special circumstance beyond his control. He also references his lack of legal training, his limited access to legal materials while in prison, the COVID-19 pandemic, and postal issues.

These arguments are unpersuasive. The nature and significance of a petitioner's claims is not a factor in analyzing equitable tolling of a federal habeas petition. *See Rouse*, 339 F.3d at 251 ("[W]e see no reason why the decision as to whether a court considers the claims in an untimely petition should depend on the nature of the claims in the petition."). Furthermore, lack of access to trial transcripts does not constitute adequate grounds for equitable tolling. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-52 (6th Cir. 2011) ("Standing alone, however, the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling."); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in providing the petitioner with a trial transcript did not justify equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (concluding that the inability to access transcripts does not preclude an inmate from initiating habeas proceedings and does not warrant equitable tolling). *Cf. United States v. Agubata*, No. HNM-97-3629, 1998 WL 404303, at *3 (D. Md. July 9, 1998) (finding that lack of access to transcripts did not warrant equitable tolling of a motion to vacate under 28 U.S.C. § 2255).

Moreover, the fact that a prisoner lacks legal training is typically insufficient to warrant equitable tolling, *see Sosa*, 364 F.3d at 512, and Green has not described conditions relating to the lack of access to legal materials, the COVID-19 pandemic, or mailing challenges that prevented

him from filing a timely petition. Notably, where the limitations period ran for approximately five years, it included a lengthy period of time before the COVID-19 pandemic, and Green was warned that dismissal of his first petition could render a second petition untimely. Therefore, Green is not entitled to equitable tolling of his limitations period.

Green also appears to assert that he is actually innocent. A "credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). For this exception to the limitations period to apply, there must be "new evidence" showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Green has offered no evidentiary proof of his assertion of actual innocence and has not provided any basis to conclude that the introduction of any newly identified evidence, considering all the other evidence, would render it more likely than not that no reasonable juror would have convicted him. Lacking any new evidence, Green fails to meet the stringent requirements for the actual innocence exception to the one-year limitations period.

The Court therefore finds that the present Petition is time-barred and that there is no basis, pursuant to equitable tolling or otherwise, to consider the merits of the Petition. The Petition will therefore be dismissed.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a

final order adverse to the applicant, Green must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Green's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Green may still request that the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: January 10, 2024

THEODORE D. CHUANG
United States District Judge